52,906·52

Trial Cause # 441673

(Relator) Edward R. Newsome T.D.C.# 437698

V S

Trial Judge and the Board of Pardon
And Paroles Also the Commissioner

Amended Motion For Leave to File
under Rule 72.1 - 72.2

In the 179th Judicial
District Court of
Harris County, TX

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 21 2015

Abel Acosta, Clerk

To The Honorable Judge of Said Court:

Dear Clerk; my Response to you is concerning information to Grant Permission to Appeal and File this Amended Motion For leave to File, this writ of Mandamus and Prohibition Application Against the Trial Judge in Court Rm# 179 of Harris County TX And Against the Board of Pardon and Paroles Also the Commissioner, because Mandamus Relief is Available when the Relator Establish that he has no other Adequate Legal Remedy of law and to Redress the Alleged Error in Trial Cause #441673 (A) - (Y) writ of Habeas Corpus Application and Act I seeks to Compel is ministerial and not discretionary in Nature, on Request for want of Jurisdiction under C.C.P. Article 4.04 and 4.05, with Tex. Const. Art. 5 §5, Tex. Const. Art. 5 §6, Tex. Const. Art. 5 §8, Article I §13 and 19 and Article IV § 11 of the texas Constitution For Review under Tex. Gov.t Code § 22.221@, Tex. Gov.t Code § 22.002@ And Tex. Gov.t Code § 21.001 Also Tex. Const. Art. 5 §3 And Request For Finding of Facts and Conclusion of law to Receive A Declaratory and injunctive Relief, because the current claims And issue has

-1-

Not Been and Could Not have Been Presented IN A Previously Original Application or IN A Previously Considered Application Filed under this Article because the Factual or Legal Basis For the Claim was unAvailable on the date the Applicant Filed the Previous Application under Article 11.072 # 8 and 9 And Article 11.071 # 5(a), because by A Preponderance of the evidence, but For A Violation of the United State Constitution, no Rational Juror could have Found the Applicant Guilty Beyond A Reasonable doubt under Trial cause # 441673 Pending in the Court of Criminal Appeals For Time Credit and to Reverse and Remand the Relator Newsome on Trial counsel Failure to Object Against the Jury Instruction on A Mistaken of Facts under Penal Code, 8.02(a) and 31.07 denied me A Fair and Impartial Trial From Prosecutor Misconduct see 373 U.S. 83 (1963) held Back Favorable evidence At Trial that would have Prove the Relator Newsome Innocence Against Exculpatory and Impeachment evidence See Article 36.14 And 36.19, Against Motion to File For A Stay, Motion to Consolidate Appeals, Motion to Extend time For Reconsideration Rule 10.5(b) with Further Motion For Rehearing in Rule 79.6 Against Default Judgment For A New Trial in Rule 33.1(a) Against Abuse of discretion, because I Am unLawFully Restrained and Confined See Article 11.01 and 11.05 See Article 11.44,

-2-

See Also Rule 44.2@(b), Tex. Const. Art. 1 # 15, Tex. Const. Art. 5 # 10 Almanza 686 S.W. 2d. At 157 And Rose 2 966 S.W. 2d. At 57. The Court of Criminal Appeals has held that Applying the New harmless error Standard in Rule 44.2 does not lead to injustice Nor violate the texas constitution Prohibition on Retroactive laws. This Court concludes the Possibility of an Appellate error being found to be harmless does not constitute a vested and substantive Right. Rather, it is the Right to Appeal a conviction which constitute such a Right. The Procedural Mechanisms for Review of my illegal and void 39 year sentence and conviction against unauthorize Use of a Motor Vehicle in the year of 11-14-1986 when a Houston Police officer Perjured his testimony on a high Speed chase that never occurred or happen and I was never charge or convicted of Evading Arrest and my Trial Counsel William Paul Morris failed to Subpoena the Arresting officer, which he never testified at my Trial See Rule 81 (b)(2) to 44.2(b) involved no more than the Procedure by which an Appellate Court will Assess whether an error calls for Reversal of a Judgment. The only thing the defendant is entitled to, is a decision based on the Rules in effect at the time of my Appeal. A defendant has a vested and substantive Right to Appeal a conviction but not a vested or substantive Right in the Procedural Mechanisms for Reviewing my illegal and void conviction and enter into Evidence an Objection

-3-

Against 14th Court of Appeals Justices Affirming my m2 Direct Appeal under case # 14th-87-0048-CR on 3-24-1988, Court of Criminal Appeals denying Petition for discretionary Review on 4-12-1989 and also denying several Writs of Habeas Corpus under 11.07, was a deprivation of my 4th, 5th, 6th and 14th Amendment Rights to a fair trial and my Appeal Rights to Representation, because my Trial Counsel William Paul Mewis was never Raised on my direct Appeal Against Mistaken of facts Against ineffective Assistance of Counsel and my Appellate Counsel Kristine Woldy Filed a frivolous Appeal and I was denied a New Trial, Required a showing that Counsels Representation fell Below an Objective Standard of Reasonableness and that these deficient Performance Prejudiced the defense to the degree that there is a Reasonable Probability that my Trial and Appeal would have Been different. See Motion to set Aside the verdict, Motion to set Aside and Quash indictment, Motion for Arrest of Judgment and Motion to File Nunc Pro Tunc, in determining whether an improper comment merits Reversal under Rule 44-2(b). A Court most look at the severity of the Misconduct, the Magnitude of the Prejudical effect of the Prosecutors Remark's, measure Adopted to cure the Misconduct, the efficacy of any cautionary instruction by the Judge, and the certainty of conviction without the Misconduct, the Strength of the evidence and Request for Reversal and Remand Against excessive Punishment to an evidentiary hearing for further

-4-

Proceeding Against written Recommendation for a Full Pardon for Innocence that has Been Previously Filed to the Trial Judge, the Sheriff and District Attorney under Article 48.01 have Been disregarded Against Cruel and Unusal Punishment in violation of a liberty Interest, on ReQuest for emergency Release See Article 11.44 and Article 44.29, for disposition Related to merits on All other Pending claims.

8-17-2015
Date

Edward R. Newsome
Relator Signature

→ A Copy of this Motion have Been Filed to the Trial Court

Certificate of ~~————~~ Service Rule 9.5
Rule 2 Suspension of Rules

The Relator Edward R. Newsome verify the Statement Made in this Amended Affidavit of inability to Pay court costs and initial filing fees without Prepayment of fee to File Amended Motion for leave to File for under Rule 72.1 ■ And Rule 72.2 is true and Correct under the Penalty of Perjury See 28 U.S.C. # 1746 for Purpose of Mail Box Rule 4 (C) 1, 2, 3, (d) for the Original and copies of Records in Rule 9.3 (b), Rule 34.5 (C)(1), Rule 34.6 (C)(4), Rule 35.2, Rule 35.3 (b)(3), And 37.3 (b) with Rule 52.7 for Service in Local Rule 11, 12 (e) And Benefits.

8-17-2015
Date

Edward R. Newsome
Relator Signature

-5-